UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ISAURA OLIVEIRA-MCDONALD | : | NO.: 3:22-cv00251 |
| v. | : | |
| TURMUNKH KHODONGO, DBA TBA INTRANS, TBA INTRANS, LLC, AND JOHN F. MULLINGS | : | FEBRUARY 11, 2022 |

## NOTICE OF REMOVAL

To the United States District Court for the District of Connecticut:

Pursuant to 28 U.S.C. §§ 1441 and 1446, the defendant, John F. Mullings, hereby gives notice that he has removed this action from the Superior Court of Connecticut, Judicial District of Hartford for the following reasons:

1.    The plaintiff commenced the instant action against the undersigned defendants, Turmunkh Khodongo dba TBA InTrans, TBA Intrans, LLC, and John F. Mullings, by service of a Summons and Complaint dated January 7, 2022 by way of certified mail, deposited on January 10, 2022 at the Wethersfield, Post Office and by service upon the Agent of Service, Department of Motor Vehicles, 60 State Street, Wethersfield, CT 06109 on January 10, 2022.

2.    The defendants, Turmunkh Khodongo dba TBA InTrans, TBA Intrans, LLC, and John F. Mullings, did not receive a copy of subject complaint until after January 12, 2022 and upon information and belief on or about February 1, 2022.

3.      The action is returnable in the Superior Court for the Judicial District of Hartford on February 15, 2022 and was returned to the Hartford Superior Court on or about February 7, 2022.

4.      The above-described action is a civil action and is one which may be removed to the Court by the defendant pursuant to the provisions of Title 28, United States Code §§1441 and 1332. The plaintiff, a resident of the State of Connecticut, brings claims for personal injuries against defendants from California and Wyoming. The plaintiff alleges in her complaint that she suffered serious and permanent injuries to her brain/head, to include concussion and its sequela, neck, left shoulder, left arm, hand, low back and both knees. The plaintiff further alleges that she has lost wages and her earning capacity is impaired.  According to the plaintiff all of these injuries are due to a motor vehicle accident that occurred at the intersection of Route 9 North and Hartford Avenue, (Exit 16), in Middletown, Connecticut and has been brought against the defendant, John F. Mullings, a Wyoming resident and Turmunkh Khodongo dba TBA Intrans, TBA InTrans LLC, both California residents.  Therefore, this action involves a controversy wholly between citizens of different states.  There is complete diversity of citizenship.

5.      Attached hereto, in compliance with 28 U.S.C. §1446(a), are complete and accurate copies of the process and pleadings received by the defendants, Turmunkh Khodongo dba TBA Intrans, TBA InTrans LLC, and John F. Mullings.

6.      The defendants, will answer the plaintiff's complaint at the appropriate time, but do deny all material allegations of negligence.

2

7.      Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. § 1332 and supplemental jurisdiction pursuant to 28 U.S.C. §1367.  The action may be removed to this Court pursuant to 28 U.S.C. §§1441, 1332, and 1446 as the defendant is not a citizen of Connecticut.

**WHEREFORE**, the petitioner prays that the above action now pending in the Superior Court of Hartford be removed therefrom to this Court.

DEFENDANT,
JOHN F MULLINGS

By */s/ Bryan J. Haas*
   Christopher M. Vossler (ct ct00373)
   Bryan J. Haas(ct27710)
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114-1121
   (860) 249-1361
   (860) 249-7665 (Fax)
   cvossler@hl-law.com
   bhaas@hl-law.com

## **CERTIFICATION**

This is to certify that on February 11, 2022, a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Richard O. LaBrecque, Esquire
Trantolo and Trantolo, LLC
21 Oak Street, Suite 605
Hartford, CT 06106

_s/ Bryan J. Haas_
Bryan J. Haas

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

---

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 ) 548 - 2700 | 02/15/2022 |

| ☒ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | Number: | Hartford | Major: **V** | Minor: **01** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Trantolo and Trantolo, LLC, 21 Oak Street, suite 605, Hartford, CT 06106 | 426663 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 999 - 9999 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* RichardL@trantololaw.com |
|---|---|

| Parties | | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|---|
| **First plaintiff** | Name: | **Oliveira-McDonald, Isaura** | P-01 |
| | Address: | **7 Brainard Hill Road, Haddam, CT 06641** | |
| **Additional plaintiff** | Name: | | P-02 |
| | Address: | | |
| **First defendant** | Name: | **Khodongo, Turmunkh dba TBA Intrans, 1413 Bel Air Drive Apt. B, Concord, CA 94521** | D-01 |
| | Address: | **Agent for Service: Department of Motor Vehicle, 60 State Street, Wethersfield, CT 06161** | |
| **Additional defendant** | Name: | **TBA Intrans, LLC, Turmunhk Khodongo Member/Manager, 1412 Bel Air Drive Apt. B, Concord, CA 94521** | D-02 |
| | Address: | **Agent for Service: Department of Motor Vehicle, 60 State Street, Wethersfield, CT 06161** | |
| **Additional defendant** | Name: | **Mullings, John F., 30 North Gould Street 2591, Sheridan, WY 82801** | D-03 |
| | Address: | **Agent for Service: Department of Motor Vehicle, 60 State Street, Wethersfield, CT 06161** | |
| **Additional defendant** | Name: | | D-04 |
| | Address: | | |

| Total number of plaintiffs: 1 | Total number of defendants: 2  3 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.

2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.

3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.

4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.

5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 01/07/2022 | | ☐ _____ Clerk | **Richard O. LaBrecque, Esq.** |

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | File Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.

2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.

3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.

4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.

5. Use this summons for the case type codes shown below.

Do not use this summons for the following actions:

(a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)

(b) Any actions or proceedings in which an attachment, garnishment or replevy is sought

(c) Applications for change of name

(d) Probate appeals

(e) Administrative appeals

(f) Proceedings pertaining to arbitration

(g) Summary Process (Eviction) actions

(h) Entry and Detainer proceedings

(i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
|  | C 10 | Construction - State and Local |  | P 10 | Partition |
|  | C 20 | Insurance Policy |  | P 20 | Quiet Title/Discharge of Mortgage or Lien |
|  | C 30 | Specific Performance |  | P 30 | Asset Forfeiture |
|  | C 40 | Collections |  | P 90 | All other |
|  | C 50 | Uninsured/Underinsured Motorist Coverage |  |  |  |
|  | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
|  | C 90 | All other |  | T 03 | Defective Premises - Private - Other |
|  |  |  |  | T 11 | Defective Premises - Public - Snow or Ice |
| Eminent Domain | E 00 | State Highway Condemnation |  | T 12 | Defective Premises - Public - Other |
|  | E 10 | Redevelopment Condemnation |  | T 20 | Products Liability - Other than Vehicular |
|  | E 20 | Other State or Municipal Agencies |  | T 28 | Malpractice - Medical |
|  | E 30 | Public Utilities & Gas Transmission Companies |  | T 29 | Malpractice - Legal |
|  | E 90 | All other |  | T 30 | Malpractice - All other |
|  |  |  |  | T 40 | Assault and Battery |
| Housing | H 10 | Housing - Return of Security Deposit |  | T 50 | Defamation |
|  | H 12 | Housing - Rent and/or Damages |  | T 61 | Animals - Dog |
|  | H 40 | Housing - Housing - Audita Querela/Injunction |  | T 69 | Animals - Other |
|  | H 50 | Housing - Administrative Appeal |  | T 70 | False Arrest |
|  | H 60 | Housing - Municipal Enforcement |  | T 71 | Fire Damage |
|  | H 90 | Housing - All Other |  | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
|  | M 10 | Receivership |  | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
|  | M 15 | Receivership for Abandoned/Blighted Property |  | V 05 | Motor Vehicles* - Property Damage only |
|  | M 20 | Mandamus |  | V 06 | Motor Vehicle* - Products Liability Including Warranty |
|  | M 30 | Habeas Corpus (extradition, release from Penal Institution) |  | V 09 | Motor Vehicle* - All other |
|  | M 40 | Arbitration |  | V 10 | Boats |
|  | M 50 | Declaratory Judgment |  | V 20 | Airplanes |
|  | M 63 | Bar Discipline |  | V 30 | Railroads |
|  | M 66 | Department of Labor Unemployment Compensation Enforcement |  | V 40 | Snowmobiles |
|  | M 68 | Bar Discipline - Inactive Status |  | V 90 | All other |
|  | M 70 | Municipal Ordinance and Regulation Enforcement |  |  | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
|  | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |  |  |  |
|  | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
|  | M 84 | Foreign Protective Order |  | W 90 | All other |
|  | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |  |  |  |
|  | M 90 | All other |  |  |  |

| | | |
|---|---|---|
| RETURN DATE: FEBRUARY 15, 2022 | : | SUPERIOR COURT |
| ISAURA OLIVEIRA-MCDONALD | : | J.D. OF HARTFORD |
| V. | : | AT HARTFORD |
| TURMUNKH KHODONGO DBA TBA INTRANS, TBA INTRANS, LLC AND JOHN F. MULLINGS | : | JANUARY 7, 2022 |

## COMPLAINT

FIRST COUNT (NEGLIGENCE AS TO MULLINGS)

1.     At all times material hereto, Defendant Turmunkh Khodongo dba TBA Intrans, and/or Defendant TBA Intrans, LLC was a motor carrier operating under the authority of the United States Department of Transportation ("USDOT").

2.     In applying for and maintaining operating authority as a motor carrier, Defendant Turmunkh Khodongo dba TBA Intrans, and/or Defendant TBA Intrans, LLC certified to the USDOT that it would:

   a)  Have in place a system and an individual responsible for ensuring overall compliance with the Federal Motor Carrier Safety Regulations ("FMCSR");

   b)  Have in place a driver safety training/orientation program;

   c)  Be familiar with DOT regulations governing driver qualifications and have in place a system for overseeing driver qualification requirements (49 CFR 391);

Trantolo & Trantolo, LLC
Juris No. 064310

21 Oak Street, Suite 605                130A Scott Road
Hartford, CT  06106                Waterbury, CT  06705
(860) 522-9248                (203) 753-4100

d) Have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance; and,

e) Comply with all pertinent Federal, state, local and tribal statutory and regulatory requirements when operating within the United States.

3.     At the time of the crash, Defendant Turmunkh Khodongo dba TBA Intrans, and/or Defendant TBA Intrans, LLC was the registered owner of the 1999 Freightliner tractor bearing VIN 1FUPC2WB2XPA04915 and pulling a Trailer (jointly "Truck") involved in this crash.

4.     At all relevant times, the Truck was a commercial motor vehicle as that term is defined in Title 14 of the Connecticut General Statutes, and it was being operated under the control and USDOT authority of Defendant Turmunkh Khodongo dba TBA Intrans, and/or Defendant TBA Intrans, LLC.

5.     At all relevant times, Defendant John F. Mullings was a Class A licensed commercial vehicle operator acting the course and scope of his agency or employment with Defendant Turmunkh Khodongo dba TBA Intrans, and/or Defendant TBA Intrans, LLC.

6.     On or about January 9, 2020, at approximately 9:33 AM, the plaintiff, Isaura Oliveira-McDonald, was the operator of a motor vehicle, which was traveling in a generally northerly direction on Route 9, at or near its intersection with Hartford Avenue (Exit 16), both public highways in the Town of Middletown, State of Connecticut.

7.      On said date and at said time and place, the defendant, John F. Mullings, was operating the Truck owned by Defendant Turmunkh Khodongo dba TBA Intrans, and/or Defendant TBA Intrans, LLC, as its agent, servant, and/or employee within the meaning of C.G.S. §52-183; and/or as a permissive user, in a generally northerly direction on Route 9, at or near its intersection with Hartford Avenue (Exit 16), and to the rear of the plaintiff.

8.      On said date and at said time and place, Defendant John F. Mullings crashed in to the rear of the plaintiff's vehicle, causing the plaintiff the injuries, damages, and losses as more particularly set forth hereinafter.

9.      At all relevant times Isaura Oliveira-McDonald was properly restrained and did not contribute in any way to the crash or her injuries.

10.      Each defendant acted in a manner that either alone or combined with the other Defendant's acts of negligence, directly and proximately caused the crash and the resulting injuries to the Plaintiff.

11.      Defendant John F. Mullings had a duty to operate the Truck in a reasonably safe manner and to know of and abide by all laws and industry standards governing the safe operation and maintenance of commercial motor vehicles.

12.      The collision and the resulting injuries, damages, and losses sustained by the plaintiff were caused by the defendant John F. Mullings' negligent and careless breach of his duty in one or more of the following ways:

Trantolo & Trantolo, LLC
Juris No. 064310
21 Oak Street, Suite 605                         130A Scott Road
Hartford, CT  06106                         Waterbury, CT  06705
(860) 522-9248                         (203) 753-4100

a.   IN THAT the defendant was inattentive and failed to keep a reasonable and proper lookout;

b.   IN THAT the defendant failed to have the Truck under proper and reasonable control;

c.   IN THAT the defendant operated the Truck at a greater rate of speed than the circumstances then and there existing warranted and/or failed to reduce the speed of his motor vehicle although reasonable care so required;

d.   IN THAT the defendant operated the Truck with defective or inadequate brakes or failed to apply the brakes in a timely manner;

e.   IN THAT the defendant failed to avoid a collision by stopping, swerving, turning or otherwise maneuvering the vehicle;

f.   IN THAT although it was practicable to do so, the defendant failed to bring the Truck to a stop or turn said Truck to the left or to the right to avoid a collision;

g.   IN THAT the defendant failed to make use of his senses and faculties;

h.   IN THAT the defendant failed to take reasonable precautions to avoid a collision;

i.   IN THAT the defendant failed to sound the horn or give any warning of his approach when reasonable care so required;

j.   IN THAT the defendant was following the plaintiff more closely than reasonable under the circumstances;

k.   IN THAT the defendant operated the Truck while distracted;

l.   IN THAT the defendant was operating the motor vehicle while using a hand held mobile device either engaged in a telephone call and/or reading and/or sending a text message and/or reading and/or sending an email and/or using the internet;

m.   IN THAT the defendant operated the Truck while fatigued;

n.   IN THAT the defendant operated the vehicle on said highway at a rate of speed greater than was reasonable, having regard to the width, traffic, use of the highway and weather conditions, in violation of C.G.S. §14-218a;

o.   IN THAT the defendant was speeding in violation of C.G.S. §14-219;

p.   IN THAT the defendant was following the vehicle occupied by the plaintiff more closely than was reasonable and prudent having regard for the speed of such vehicles, the traffic upon and condition of the highway or roadway and weather conditions, in violation of C.G.S. §14-240;

Trantolo & Trantolo, LLC
Juris No. 064310

21 Oak Street, Suite 605                                 130A Scott Road
Hartford, CT  06106                                 Waterbury, CT  06705
(860) 522-9248                                 (203) 753-4100

q.   IN THAT the defendant moved the motor vehicle which was stopped, standing or parked when such movement could not be made with reasonable safety and without interfering with other traffic in violation of C.G.S. §14-243(a);

r.   IN THAT the defendant operated the motor vehicle upon the highway while using a hand-held mobile telephone to engage in a call or while using a mobile electronic device while the vehicle was in motion in violation of C.G.S. §14-296aa(b);

s.   IN THAT the defendant operated the motor vehicle upon the highway while engaged in other activities not related to the actual operation of the motor vehicle that interfered with his safe operation of the motor vehicle in violation of C.G.S. § 14-296aa(f); and

t.   IN THAT the defendant operated the motor vehicle in violation of one or more of the applicable FMCSRs, including but not limited to exceeding hours or service limitations, improperly inspecting or maintaining the Truck, and failing to operate the Truck in a safe and reasonable manner.

13.   As a result of the collision, the plaintiff sustained injuries of a severe and permanent nature and as a result of these injuries, the plaintiff has suffered and with reasonable certainty will continue to suffer pain and mental anguish.  Upon medical examination, it was determined that the plaintiff suffered injuries to her brain/head including concussion and headaches, as well as her neck, left shoulder, left arm and hand, low back, both knees and lower legs, and such other injuries as are yet unknown.

14.   From all of the injuries or the effects thereof, the plaintiff was rendered sore and disabled and is suffering, and will continue to suffer from pain, discomfort, emotional upset, limitation of motion and restriction of activity.

15.   The plaintiff's injuries, or some of them, will be permanent in nature and/or permanently disabling.

Trantolo & Trantolo, LLC
Juris No. 064310

21 Oak Street, Suite 605                          130A Scott Road
Hartford, CT  06106                          Waterbury, CT  06705
(860) 522-9248                          (203) 753-4100

16.     As a further result of the collision, the plaintiff was forced to incur expenses for medical care and attention, x-rays, pharmaceuticals, etc. to the plaintiff's further loss and damage and it is reasonably probable that the plaintiff's injuries, or some of them, will require future medical treatment and expenditures.

17.     As a further result of the collision, the plaintiff has lost sums of money and wages, salaries and earnings, and it is reasonably probable that the plaintiff will lose wages from employment in the future and that the plaintiff's future earning capacity will be impaired.

18.     As a further result of the collision, the plaintiff's ability to pursue and enjoy life's activities has been reduced.

SECOND COUNT (VICARIOUS LIABILITY AS TO KHODONGO DBA TBA INTRANS AND TBA INTRANS, LLC)

1-18.   Paragraphs 1 through 18 of the First Count are hereby incorporated as Paragraphs 1 through 18 of this Second Count as if fully set forth herein.

19.     At all relevant times, Defendant John F. Mullings was Defendant Turmunkh Khodongo dba TBA Intrans, and/or Defendant TBA Intrans, LLC's employee, or acting within the course and scope of his agency or employment with, and under the direct control and for the benefit of Defendant Turmunkh Khodongo dba TBA Intrans, and Defendant TBA Intrans, LLC.

Trantolo & Trantolo, LLC
Juris No. 064310

| 21 Oak Street, Suite 605 | 130A Scott Road |
|---|---|
| Hartford, CT  06106 | Waterbury, CT  06705 |
| (860) 522-9248 | (203) 753-4100 |

20.     Defendant Turmunkh Khodongo dba TBA Intrans, and Defendant TBA Intrans,

LLC are liable for the negligent acts of Defendant John F. Mullings.

THIRD COUNT (COMMON LAW RECKLESSNESS AS TO MULLINGS)

1-9.     Paragraphs 1 through 9 of the First Count are hereby incorporated as

Paragraphs 1 through 9 of this Third Count as if fully set forth herein.

10.     The collision and the resulting injuries, damages, and losses sustained by the

plaintiff were caused by the reckless misconduct of the defendant John F. Mullings in that he

knew or should have known that his conduct In knowingly operating a tractor trailer while

distracted and/or while fatigued and/or at excessive speed in close proximity to the vehicle in

front of him while approaching an intersection controlled by a traffic control signal on a State

Highway would result in a high degree of risk of serious harm and despite knowledge of that

risk and the harm that would result from such conduct, acted recklessly in one or more of the

following respects:

    a.     IN THAT the defendant was inattentive and failed to keep a reasonable and
           proper lookout despite knowing that it created a high degree of risk of serious
           harm to others;
    b.     IN THAT the defendant failed to have the Truck under proper and reasonable
           control despite knowing that it created a high degree of risk of serious harm to
           others;
    c.     IN THAT the defendant operated the Truck at a greater rate of speed than the
           circumstances then and there existing warranted and/or failed to reduce the
           speed of his motor vehicle although reasonable care so required despite
           knowing that it created a high degree of risk of serious harm to others;
    d.     IN THAT the defendant operated the Truck with defective or inadequate
           brakes or failed to apply the brakes in a timely manner despite knowing that it
           created a high degree of risk of serious harm to others;

e.     IN THAT the defendant failed to avoid a collision by stopping, swerving, turning or otherwise maneuvering the Truck despite knowing that it created a high degree of risk of serious harm to others;

f.     IN THAT although it was practicable to do so, the defendant failed to bring the Truck to a stop or turn said Truck to the left or to the right to avoid a collision despite knowing that it created a high degree of risk of serious harm to others;

g.     IN THAT the defendant failed to make use of his senses and faculties despite knowing that it created a high degree of risk of serious harm to others;

h.     IN THAT the defendant failed to take reasonable precautions to avoid a collision despite knowing that it created a high degree of risk of serious harm to others;

i.     IN THAT the defendant failed to sound the horn or give any warning of his approach when reasonable care so required despite knowing that it created a high degree of risk of serious harm to others;

j.     IN THAT the defendant was following the plaintiff more closely than reasonable under the circumstances despite knowing that it created a high degree of risk of serious harm to others;

k.     IN THAT the defendant operated the Truck while fatigued despite knowing that it created a high degree of risk of serious harm to others;

l.     IN THAT the defendant operated the Truck while distracted despite knowing that it created a high degree of risk of serious harm to others;

m.     IN THAT the defendant operated the Truck while using a hand held mobile device either engaged in a telephone call and/or reading and/or sending a text message and/or reading and/or sending an email and/or using the internet despite knowing that it created a high degree of risk of serious harm to others;

n.     IN THAT the defendant operated the Truck on said highway at a rate of speed greater than was reasonable, having regard to the width, traffic, use of the highway and weather conditions, in violation of C.G.S. §14-218a despite knowing that it created a high degree of risk of serious harm to others;

o.     IN THAT the defendant was speeding in violation of C.G.S. §14-219 despite knowing that it created a high degree of risk of serious harm to others;

p.     IN THAT the defendant was following the vehicle occupied by the plaintiff more closely than was reasonable and prudent having regard for the speed of such vehicles, the traffic upon and condition of the highway or roadway and weather conditions, in violation of C.G.S. §14-240 despite knowing that it created a high degree of risk of serious harm to others;

q.     IN THAT the defendant operated the Truck upon the highway while using a hand-held mobile telephone to engage in a call or while using a mobile electronic device while the vehicle was in motion in violation of C.G.S. §14-

296aa(b) despite knowing that it created a high degree of risk of serious harm to others;

r.    IN THAT the defendant operated the Truck recklessly in violation of C.G.S. §14-222 despite knowing that it created a high degree of risk of serious harm to others;

s.    IN THAT the defendant operated the Truck while engaged in other activities not related to the actual operation of the Truck that interfered with his safe operation of the Truck in violation of C.G.S. § 14-296aa(f) despite knowing that it created a high degree of risk of serious harm to others.

t.    IN THAT the defendant operated the Truck in violation of the FMCSRs including but not limited to exceeding hours of service limitations, improperly inspecting or maintaining the Truck, and failing to operate the Truck in a safe and reasonable manner despite knowing that it created a high degree of risk of serious harm to others

11-16.  Paragraphs 13 through 18 of the First Count are hereby incorporated as Paragraphs 11 through 16 of this, the Second Count, as if fully set forth herein.

17.    As a further result of the wrongful conduct of the defendant, and as a further result of the reckless misconduct of said defendant, as aforesaid, the plaintiff has incurred and will incur in the future attorneys' fees and costs for the preparation and prosecution of legal proceedings.

FOURTH COUNT (STATUTORY RECKLESSNESS AS TO MULLINGS)

1-9.    Paragraphs 1 through 9 of the First Count are hereby incorporated as Paragraphs 1 through 9 of this, the Fourth Count, as if fully set forth herein.

10.    The defendant deliberately or with reckless disregard operated a motor vehicle in violation of one or more of the following sections of C.G.S. §14-295 and such

Trantolo & Trantolo, LLC
Juris No. 064310

21 Oak Street, Suite 605            130A Scott Road
Hartford, CT  06106            Waterbury, CT  06705
(860) 522-9248            (203) 753-4100

violation(s) was a substantial factor in causing the collision and the injuries, damages, and

losses sustained by the plaintiff:

    a.    IN THAT the defendant violated C.G.S. §14-218a by operating the Truck upon a public highway at a rate of speed greater than reasonable having regard to the width, traffic and use of highway, the intersection of streets and weather conditions when he knowingly operated the Truck while distracted and/or fatigued, and/or approached vehicles in front of him at a speed too great to stop or avoid impact when the traffic signal changed from green to yellow to red, and despite there being ample notice of an upcoming stop, failed to adjust his speed or position and crashed into the rear of the Plaintiff's motor vehicle despite knowing that it involved a high degree of risk of harm to others;

    b.    IN THAT the defendant violated C.G.S. §14-222 by operating her motor vehicle upon a public highway, recklessly, having regard to the width, traffic and use of such highway, the intersection of streets and the weather conditions when he knowingly operated the Truck while distracted and/or fatigued, and/or approached vehicles in front of him at a speed too great to stop or avoid impact when the traffic signal changed from green to yellow to red, and despite there being ample notice of an upcoming stop, failed to adjust his speed or position and crashed into the rear of the Plaintiff's motor vehicle despite knowing that it involved a high degree of risk of harm to others;;

    11-17.  Paragraphs 11 through 17 of the Third Count are hereby incorporated as

Paragraphs 11 through 17 of this Fourth Count as if fully set forth herein.

FIFTH COUNT (NEGLIGENCE AS TO KHODONGO DBA TBA INTRANS, AND TBA

INTRANS, LLC)

    1-18.  Paragraphs 1 through 18 of the First Count are hereby incorporated as

Paragraphs 1 through 18 of this Fifth Count as if fully set forth herein.

Trantolo & Trantolo, LLC
Juris No. 064310

21 Oak Street, Suite 605           130A Scott Road
Hartford, CT  06106           Waterbury, CT  06705
(860) 522-9248           (203) 753-4100

19.     Defendant Turmunkh Khodongo dba TBA Intrans, and Defendant TBA Intrans, LLC had a duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws and industry standards concerning the safe operation and maintenance of commercial motor vehicles.

20.     Defendant Turmunkh Khodongo dba TBA Intrans, and Defendant TBA Intrans, LLC breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

a.      Failing to verify and ensure that Defendant John F. Mullings operated the Truck in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles, in violation of 49 C.F.R. §392.1;

b.      Failing to properly train and instruct Defendant John F. Mullings and its drivers on defensive driving, safe driving, proper following distance and proper lookout in violation of 49 C.F.R. §383.111;

c.      Failing to properly supervise Defendant John F. Mullings and identify dangerous routes and driving behavior that could have been corrected to avoid this crash;

d.      failing to properly inspect and maintain the Truck in violation of 49 CFR §396.11and 49 CFR §396.1; and/or

e.      Knowingly failing to promote and enforce systems and procedures for the safe operation of motor vehicles and, thus, creating a zone and culture of risk that constituted a

dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff;

21.   Defendant Turmunkh Khodongo dba TBA Intrans, and Defendant TBA Intrans, LLC's negligent conduct also violated laws intended to protect and prevent crashes with drivers like the Plaintiff.

22.   Defendant Turmunkh Khodongo dba TBA Intrans, and Defendant TBA Intrans, LLC's negligence directly and proximately caused the Plaintiff's Damages.

## SIXTH COUNT (NEGLIGENT ENTRUSTMENT AS TO KHODONGO DBA TBA INTRANS, AND TBA INTRANS, LLC)

1-18.   Paragraphs 1 through 18 of the First Count are hereby incorporated as Paragraphs 1 through 18 of this Sixth Count as if fully set forth herein.

19.   Defendant Turmunkh Khodongo dba TBA Intrans, and Defendant TBA Intrans, LLC had a duty to avoid the foreseeable harm posed by entrusting the Truck to a dangerous and unqualified driver like Defendant John F. Mullings.

20.   Defendant Turmunkh Khodongo dba TBA Intrans, and Defendant TBA Intrans, LLC breached that duty and was therefore negligent, when it entrusted the Truck to Defendant John F. Mullings despite his record of unsafe and negligent driving and unfitness to operate a commercial motor vehicle, which were or should have been known to Defendant Turmunkh Khodongo dba TBA Intrans, and Defendant TBA Intrans, LLC.

21.     Defendant Turmunkh Khodongo dba TBA Intrans, and Defendant TBA Intrans, LLC's negligence directly and proximately caused the Plaintiff's Damages.

Trantolo & Trantolo, LLC
Juris No. 064310

21 Oak Street, Suite 605                     130A Scott Road
Hartford, CT  06106                          Waterbury, CT  06705
(860) 522-9248                               (203) 753-4100

WHEREFORE THE PLAINTIFF CLAIMS:

A.    MONETARY DAMAGES AS TO ALL COUNTS;

B.    PUNITIVE DAMAGES, ATTORNEYS' FEES AND COSTS
      OF LITIGATION AS TO COUNT THREE;

C.    DOUBLE OR TREBLE DAMAGES PURSUANT TO
      C.G.S. §14-295 AS TO COUNT FOUR; AND

D.    SUCH FURTHER RELIEF AS THE COURT MAY DEEM JUST
      AND REASONABLE.

Dated in Hartford, Connecticut, this 6th day of January, 2022.

Richard O. LaBrecque
Trantolo & Trantolo, LLC
Juris Number: 064310

RETURN DATE: FEBRUARY 15, 2022     :     SUPERIOR COURT

ISAURA OLIVEIRA-MCDONALD     :     J.D. OF HARTFORD

V.     :     AT HARTFORD

TURMUNKH KHODONGO DBA TBA     :     JANUARY 7, 2022
INTRANS, TBA INTRANS, LLC AND
JOHN F. MULLINGS

## **STATEMENT OF AMOUNT IN DEMAND**

The amount in demand is more than $15,000.00, exclusive of interest and costs.

Richard O. LaBrecque
Trantolo & Trantolo, LLC
Juris Number: 064310

Trantolo & Trantolo, LLC
Juris No. 064310

21 Oak Street, Suite 605            130A Scott Road
Hartford, CT  06106            Waterbury, CT  06705
(860) 522-9248            (203) 753-4100